IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE MILES f/k/a JULIE SCHILREFF, )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>UNUM GROUP f/k/a UNUM PROVIDENT )<br>CORPORATION f/k/a PROVIDENT )<br>COMPANIES, INC. a/k/a UNUM LIFE )<br>INSURANCE COMPANY OF AMERICA, )<br>)<br>**Defendant.** ) | 8:09CV289<br><br>REPORT AND<br>RECOMMENDATION |

This matter is before the court on the plaintiff's motion for remand (Doc. 7) and the defendant's response thereto (Doc. 12).

Plaintiff's complaint alleges that, pursuant to 29 U.S.C.A. § 1132(a)(1)(B), she, "as a participant under a ERISA plan, is entitled to bring a civil action to recover her benefits under the terms of the plan or to clarify her rights to future benefits under the terms of the plan. This is such an action." Complaint ¶ 4. The defendant (UNUM) timely removed the matter to federal court, invoking "federal question" jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff argues that the matter should be remanded to state court because ERISA provides for concurrent jurisdiction of the state and federal courts over actions brought under 29 U.S.C. § 1132(a)(1)(B).

"[W]hen state and federal courts have concurrent jurisdiction, removal is permitted unless Congress states otherwise." *Shilling v. Northwestern Mut. Life Ins. Co.*, 423 F. Supp. 3d 513, 517 (D. Md. 2006). In vesting jurisdiction of ERISA benefit claims concurrently in the state and federal courts, see 29 U.S.C. § 1132(e)(1), Congress did not foreclose a defendant from removing to federal court a state court action asserting an ERISA benefit claim.

Congress's enforcement scheme vests jurisdiction over most types of ERISA civil actions, *see* 29 U.S.C. §§ 1132(a)-(c), exclusively in the federal courts. *Id.* § 1132(e)(1). Jurisdiction over actions brought under § 1132(a)(1)(B) to recover benefits or enforce rights under a plan, however, is vested concurrently in state and federal courts. *Id.* § 1132(e)(1). Congress's choice to vest jurisdiction over one class of ERISA civil actions in both the state and federal courts is in no way inconsistent with its intent to create a comprehensive scheme of federal common law in the area. State as well as federal courts may be expositors of federal law. *See, e.g., Allen v. McCurry*, 449 U.S. 90, 103-05 (1980); *Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.)

> 304 (1816). Moreover, Congress's choice to grant the state courts concurrent jurisdiction over this particular class of cases squares with its overall legislative goals. Actions to recover benefits or enforce rights under the terms of a plan will typically involve the application of those general principles of contract law with which the state courts have had substantial experience before ERISA; their expertise qualifies them to evaluate these rules in the light of ERISA's policies and apply federal common law. Congress simply increased the number of forums to which a claimant might have access in these cases, presumably both to increase the claimant's options and also to mitigate to some degree the burden on the federal courts resulting from ERISA. Either party of course retains the right of access to a federal forum in actions ERISA governs irrespective of diversity of citizenship or amount in controversy, plaintiff by filing there, 29 U.S.C. § 1132(e)(1), and defendant by removing, 28 U.S.C. § 1441.

*Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500 n.2 (9th Cir. 1984).

Plaintiff properly filed this action in state court; however, since UNUM retains its right of access to a federal forum,

**IT IS RECOMMENDED** that plaintiff's motion to remand (Doc. 7) be denied. Any objections to this recommendation must be filed within 14 days of today's date.

**DATED November 24, 2009.**

              **BY THE COURT:**

              s/ **F.A. Gossett**
              **United States Magistrate Judge**